```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHRISTIAN SOCKWELL,

                    Plaintiff,                              MEMORANDUM
                                                            AND ORDER
         -against-
                                                            07-CV-00866 (ENV)(LB)
Commissioner of Mental Health; Executive
Director JEFFREY BERNSTEIN of Holliswood
Hospital; Deputy Administrator JOHN DOE #1,
Holliswood Hospital; Supervisor and Ward
Manager of 2 South Ward "ETHELL";
Therapy Aides JOHN DOE and JANE DOES,

                    Defendants.
-----------------------------------------------------------x
VITALIANO, United States District Judge:
```

Plaintiff Christian Sockwell, currently detained at Creedmore Psychiatric Hospital, brings this action *pro se* under 42 U.S.C. § 1983 and Bivens, alleging, *inter alia*, that workers at Holliswood Hospital in Queens County used excessive force. The case was initially filed in the United States District Court for the Southern District of New York on November 3, 2006 and transferred to this Court by order dated December 26, 2006.[1] The Court grants plaintiff's request to proceed *in forma pauperis*. For the reasons set forth below, the complaint is dismissed.

Background

Plaintiff alleges that on May 30, 2006, he was "taken [by police to] Holliswood Hospital where he was assigned [to] Ward 2 South." See Plaintiff's "Evidentiary Allegations in Support of Claim" at ¶¶ 1-2. Plaintiff further alleges that on July 6, 2006, while walking the halls of Ward 2 South, he was "attacked by 20 staff members who grabbed petitioner placed their knees in his back

---

[1] This Court, however, did not receive the transfer order and plaintiff's submission until February 26, 2007.



and pulled his head & placed plaintiff in restraints for 4 hrs. Plaintiff was given 2 doses of sedative. Plaintiff was denied food and water after incident." Id. at ¶¶ 3, 6. Plaintiff alleges that he sustained injuries to his knees, neck, back, face, chest area, including "bruises, cuts, abrasions to knees, legs, swellings." Complaint at 3, ¶ III.

Standard of Review

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, pursuant to the *in forma pauperis* statute, the Court shall dismiss a complaint "at any time" if it determines that the action is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998).

In order to maintain an action under § 1983 or Bivens, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). If the defendants are acting under color of federal law, such claims are properly brought pursuant to principles set forth in Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell, 13 F.3d at 547.

2

Discussion

A.  No State Action as to Holliswood Hospital Defendants

The crux of plaintiff's complaint is that Holliswood Hospital employees used excessive force against him on July 6, 2006. He also alleges that he was given two doses of a sedative and denied food and water after the incident.[2] Plaintiff also states that Holliswood Hospital is a private hospital, see Complaint at 3, ¶ IV; see also www.libertymgt.com/facilities/holliswood.htm (describing Holliswood Hospital as a "private psychiatric hospital"). Because Holliswood Hospital is a private facility, it is not acting under color of state or federal law, and therefore cannot be sued under §1983 or Bivens. The "state action" requirement excludes from the reach of § 1983 private conduct, "however discriminatory or wrongful." American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)(quotation omitted). Therefore, the claims against Holliswood Hospital and its employees are hereby dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

B.  No Personal Involvement of Mental Health Commissioner

Plaintiff also names the Commissioner of Mental Health as a defendant in the caption, but provides no facts against this defendant. In any event, a §1983 claim against this defendant would be dismissed because state officials sued in their official capacities are immune from suit for damages pursuant to the Eleventh Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (agencies and departments of the state are entitled to assert the state's Eleventh Amendment immunity); Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002) (state, state agencies and prison officials in their official capacities are, under the Eleventh Amendment, immune from suit seeking monetary damages in § 1983 civil rights action).

---

[2] Plaintiff does not specifically allege that he was forced to take the sedatives and he does not allege for how long he was denied food and water.

Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Because the deficiencies in the complaint are not such that could be cured by amendment, the Court concludes that it would be futile to grant leave to amend the complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 69 (2d Cir. 2002). The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
March 20, 2007

SO ORDERED.

ERIC N. VITALIANO
United States District Judge